B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Sara J Fern | **DEFENDANTS** <br> Fedloan Servicing, U.S. Department of Education, and Pennsylvania Higher Education Assistance Agency |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Stuart G. Hoover, Blair & Fitzsimmons, P.C. <br> 850 White Street, Dubuque, IA 52001 <br> Phone: 563/588/1970 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of student loan debt pursuant to 11 U.S.C. § 523(a)(8).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Sara J Fern | BANKRUPTCY CASE NO.<br>14-00168 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | DIVISION OFFICE<br>Dubuque | NAME OF JUDGE<br>Kilburg | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF<br>Sara J Fern | DEFENDANT<br>Fedloan Servicing, U.S. Department of Education, Pennsylvania Higher Education Assistance Agency | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern District of Iowa | DIVISION OFFICE<br>Dubuque | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Stuart Hoover | | | |
| DATE<br>May 5, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stuart Hoover | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| SARA J FERN, | BANKRUPTCY NO. 14-00168 |
| DEBTOR(S) | |

SARA J FERN

        PLAINTIFF,

vs          ADVERSARY NO.

FEDLOAN SERVICING,
U.S. DEPARTMENT OF EDUCATION and
PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,

        DEFENDANTS.

**DEBTOR'S COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOANS**

**PRELIMINARY STATEMENT**

1. This is an Adversary Proceeding brought under the Bankruptcy Code 11 U.S.C. § 523(a)(8), to determine whether certain debts are dischargeable.

**JURISDICTION**

2. Jurisdiction of the bankruptcy court in this matter is provided by 28 U.S.C. §§ 1334 and 157.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**PARTIES**

4. Plaintiff is an adult individual, who resides in Dubuque, Iowa. She is the debtor in the above captioned Chapter 7 Bankruptcy Case.

5. Defendants are Fedloan Servicing, U.S. Department of Education and Pennsylvania Higher Education Assistance Agency.

# FACTUAL ALLEGATIONS

6. Plaintiff is a thirty-four (34) year old single woman with three (3) minor children ages fourteen (14), ten (10) and two (2). She works in telemarketing and relies solely on that income to support her and her children. She receives very little child support if any and is owed thousands of dollars in back support.

7. Plaintiff attended college periodically from the years 2002 -2007. She attended Northeast Iowa Community College in Peosta Iowa periodically from 2002 to 2005. At this time she borrowed approximately $14,980.00 in student loans to pursue a career as an Accounting Clerk. She was not able to obtain a degree because of her family commitments.

8. Plaintiff attended Capri College in Dubuque, Iowa during the year of 2007. During this time she borrowed approximately $5,358.00 in Student Loans to pursue a career as an Esthetician. She received her Esthetician certificate and was licensed in the State of Iowa. Estheticians are licensed professionals who are experts in maintaining and improving healthy skin. She was able to get a job at Jamaica Me Tan Salon & Spa located in Dubuque Iowa. Unfortunately she was not able to build up enough clientele in Dubuque Iowa and she was not making enough money to support her family while maintaining a job at Jamaica Me Tan Salon & Spa. She had to eventually quit and find employment that was beneficial to her and her family. Since this time her license has expired and in order for the Plaintiff to renew it she would have to pay more money and possibly take more classes. She can not afford to do this.

9. At this time Plaintiff owes approximately $26,591.10 in Student Loans which includes interest. The original amount that she borrowed was approximately $20,338.00.

# CAUSE OF ACTION- UNDUE HARDSHIP

10. Plaintiff's household income in insufficient to pay her student loan debt now or in the reasonably foreseeable future. She earns approximately $20,000.00 a year to support her and her family of four (4). She is eligible and receives State assistance such as food stamps, heating assistance and rental assistance.

11. Plaintiff has at all times acted in good faith with respect to her obligations to the Defendants herein. She has made every effort every year to apply for a deferment and that has been granted. She was granted a deferment each year and has never missed a payment.

12. Plaintiff is not able to obtain loans at a financial institution because of the amount of student loan debt that she has. She is emotionally stressed and would like a fresh start. She is seeking to be able to obtain credit in the future and work towards her goals for her family.

13. Excepting the Plaintiff's debt to Fedloan Servicing, U.S. Department of Education and Pennsylvania Higher Education Assistance Agency from discharge would impose an

undue hardship on the Plaintiff.

WHEREFORE, the Plaintiff-Debtor prays for a determination that the claims of Fedloan Servicing, U.S. Department of Education and Pennsylvania Higher Education Assistance Agency are dischargeable.

Dated: May 5, 2014                                  Sara J Fern, Debtor,

                                                    By: /s/ Stuart G. Hoover
                                                    Stuart G. Hoover   AT0003578
                                                    BLAIR & FITZSIMMONS, P.C.
                                                    850 White Street
                                                    Dubuque, IA  52001-7035
                                                    T: 563-588-1970; F: 563-556-4033
                                                    E: shoover@blairfitzsimmons.com
                                                    ATTORNEY FOR PLAINTIFF/DEBTOR


**CERTIFICATE OF SERVICE**

The undersigned certifies that a certified copy of the foregoing document was served by regular U.S. Mail, postage pre-paid, to their respective mailing addresses disclosed on the pleadings or, in the event the party is represented by counsel, to their counsel; or notice of the filing of this instrument was sent by e-mail, via CM/ECF, to all parties on the service list who have registered to receive by email over CM/ECF, on this  6th  day of May, 2014.

                                                    /s/ Kim  Gordon


Education Department
Office of General Counsel
400 Maryland Ave. SW, Rm. 6E353
Washington, DC 20202

U.S. Department of Education
Litigation Unit
50 Beale St., Suite 8629
San Francisco, CA 94105

James L. Preston

Pennsylvania Higher Education Assistance Agency

DBA FedLoan Servicing

1200 North 7th Street

Harrisburg, PA 17102


Department of Education

FedLoan Servicing

PO Box 530210

Atlanta, GA 30353-3661